Laughlin and others v. Ganahl.

WILLIAM LAUGHLIN and others *v.* LOUIS GANAHL.

Plaintiffs having sold to defendant a quantity of cotton, delivered it to him on receiving only a part of the price. The purchaser shipped the cotton, consigning it to a house of which the intervenor was a member, for sale on account of the shipper; and, in consequence of advances made by the intervenor, had the bill of lading made out in the name of the latter. Plaintiffs having sued to recover the balance of the price, sequestered the cotton; and the party who had made the advances intervened, claiming a privilege on its proceeds. *Held,* that by delivering the cotton before payment in full, the vendors authorized defendant to consider himself its absolute owner; that by suffering the intervenor to take the bill of lading in his name, defendant gave him the same right to the cotton from the date of the bill, as if he had endorsed to him a bill of lading filled up in defendant's own name, which would transfer the property; that the privilege of the vendor, under art. 3194 of the Civil Code, exists only so long as the property remains in possession of the purchaser; and that under art. 3214 of the Civil Code, the intervenor was entitled to a privilege on the proceeds of the cotton, for the advances made by him.

APPEAL from the District Court of the First District, *Buchanan,* J.

MORPHY, J. This suit was brought to recover $758 80, a balance due to the petitioners on a sale to the defendant of one hundred and two bales of cotton, for the sum of $2,358 80, but of which only $1,600 have been paid. They allege that the purchaser had shipped the cotton on board of the Charles Carroll, which was about being cleared; that they apprehended he would part with, or dispose of the same, during the pendency of the suit; and that to secure their privilege as vendors, they had the cotton sequestered on the 26th of April, 1844. On the following day the defendant moved the court to bond the property, but having absconded a few days after, counsel were appointed to represent him, who pleaded on his behalf the general issue. Auguste Nottebohm intervened, claiming a lien on the cotton sequestered, and the right to be paid out of its proceeds, in preference to the plaintiffs, the sum of $7,700, for advances by him made to L. Ganahl, on this and other cottons shipped by him on board of the Charles Carrol; the invoices of said cotton, consigned to the commercial firm of the intervenor, Nottebohm Brothers, at Antwerp, for sale, and returns on account of said Ganahl having been furnished to the intervenor, and the bills of

lading for the same having been taken in his name, as the shipper. The intervenor specially charges, that if the plaintiffs ever had any legal or privileged claim on the cotton sequestered, they waived or abandoned it by delivering the cotton to the defendant, Ganahl, with whom he treated in good faith, finding the said Ganahl in the legal possession and ownership of the same, &c. There was a judgment below, dismissing the intervention, and allowing to the plaintiffs the amount they claimed, with the vendor's privilege on the property sequestered. From this judgment the intervenor appealed.

The evidence shows that, on the 23d of April, 1844, the petitioners delivered to Ganahl, 102 bales of cotton, previously sold to him for $2,358 80, on account of which he paid $1,600, leaving due the balance now claimed. The broker testifies that the 23d of April was not the day of the sale, but that the account was made out on that day, as soon as the cotton was weighed at the press, and that on the same day it was transferred on the books of the press to the credit or account of Ganahl. This is confirmed by the the book-keeper of the press, and other witnesses. On the next day, the 24th, Ganahl gave an order to the press to send the 102 bales on board the ship Charles Carrol. The intervenor exhibits two invoices, one dated the 20th April, 1844, for 222 bales of cotton, and the other dated the 22d April, for 102 bales, shipped by Ganahl on board of the Charles Carrol, bound to Antwerp, and consigned to Messrs. Nottebohm Brothers, for sale, and returns on account of the shipper. The cotton described in the second of these invoices corresponds in numbers and marks with that mentioned in the order of Ganahl to the press, and with that sequestered by the plaintiffs. He further produces two bills of lading, taken in his own name, as shipper; one bearing date the 20th of April, for 222 bales, and the other dated the 25th of April, for 10 2 bales. These bills of lading are shown to have been made out for the cotton mentioned in the invoices, and to have been filled up in the name of the intervenor, by the defendant's clerk, or by his order. The petition of intervention claims a sum of $7,700, but does not distinguish between the advances made on the cotton sequestered, and those made on other cottons shipped on board of the Charles

Carrol; but this is, we think, clearly shown by the receipts and checks produced in proof of such advances. There are three checks and three receipts. They show that $5,600 were advanced on the 20th of April, on the lot of 222 bales, and that $500 were advanced on that of 102 bales, on the 24th of April, and a further sum of $1,600 on the 26th of April. Boot, the defendant's clerk, testifies that the checks, which are proved to have been paid, were given for the cottons comprised in the two invoices, and are the same for which the receipts were executed. The cotton described in the invoice of the 22d of April, and in the bill of lading of the 25th, so corresponds in marks, numbers, and weights, with the cotton sequestered, as to leave no doubt in our minds as to its identity; and we are satisfied, from the evidence, that the intervenor has advanced upon it $2,100. For this advance, he claims a privilege, under article 3214 of the Civil Code. " Every consignee or commission agent," says this article, " who has made advances on goods consigned to him, or placed in his hands to be sold on account of the consignee, has a privilege for the amount of these advances, with interest and charges, on the value of the goods, if they are at his disposal, in his stores, or in a public warehouse, or if, before their arrival, he can show by a bill of lading, or letter of advice, that they have been dispatched to him." It is urged by the appellees' counsel, that the intervenor's claims does not come within the purvieu of this article, which, from its words, he says, is clearly inapplicable to a case like the present. We think otherwise. The cotton was placed in the hands of the intervenor by the defendant, to be sold at Antwerp, by his commercial firm there. He undertook to be the defendant's factor, or commission agent, for the shipment and sale of this cotton. Having made advances on it, he has acquired the same lien for such advances as would belong to a consignee, or commission merchant, receiving goods from abroad, or bills of lading, and making advances on them. The case of the intervenor is even stronger than that of such a consignee, for he has both the actual and constructive possession spoken of in this article. The ship, on board of which the cotton was placed, was under his control, as freighter, and he held the bill of lading, which was

the legal title to the property. Defendant could not have demanded a surrender of it, without reimbursing the sums received and all incidental charges. By suffering the intervenor to take the bill of lading in his name, as shipper, Ganahl gave him the same right to the cotton as if he had endorsed to him a bill of lading, filled up in his own name; such an endorsement transfers the property, and is evidence of possession. 3 Kent's Commentaries, p. 207. 2 Starkie, p. 307. Abbott on Shipping, p. 244. Bnt it is urged that the bill of lading, being an act under private signature, has no date against third persons, and that there is no proof in the record of its execution at its date. Documents of this kind are never drawn up otherwise than under private signature. The circumstances of this case, in the absence of any allegation, or appearance of fraud or collusion, sufficiently establish, we think, that the bill of lading was executed at the date which it bears on its face, to wit, the 25th of April. The cotton was ordered by Ganahl to be sent on board on the 24th. The witnesses say that the bill of lading was made out after the cotton was put on board; and the check for the last and largest advance on it was drawn and paid on the 26th. It is improbable that the intervenor would have given this check without receiving an instrument so necessary for his security; nor is it probable that the ship was to be cleared on the 26th of April, as alleged in the petition, if the papers and documents relating to the cargo on board of her had not been made out and put in proper order. By delivering this cotton into the possession of Ganahl, before he had paid the price in full, the plaintiffs authorized others to consider him as the absolute owner of it. The intervenor accordingly made advances on it, and, in the usual course of business, took a bill of lading in his name, and shipped it to his correspondents at Antwerp. The privilege accorded to the vendor, by article 3194, subsists only so long as the property sold remains in the possession of the purchaser; it is clear, in this case, that he had lost the control and possession of it. 7 Mart. N. S. 483.

The account of sales of the cotton sequestered, and afterwards bonded by the intervenor, was received by the latter before the trial of the case below. It was offered in evidence, and shows

that the net proceeds obtained at Antwerp did not cover the claimant's advances on the cotton.

It is therefore ordered that the judgment of the District Court be reversed, so far as it allows to the plaintiffs a privilege on the property sequestered, and dismisses the intervention : and that there be a judgment for the intervenor, for the sum of two thousand one hundred dollars, with a privilege on the cotton sequestered in this case, with costs in both courts.

*Cohen,* for the plaintiff.

*Van Dalson* and *Goold,* for the absent defendant.

*L. C. Duncan,* for the appellant.